NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEROME CEASAR ALVERTO,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>BRYAN DWAIN CLINE,<br><br>        Defendant-Appellee, | No.   19-35796<br><br>D.C. No. 3:19-cv-05053-RBL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted July 14, 2020[**]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Jerome Ceasar Alverto appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging excessive force. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R.

Civ. P. 12(b)(6) on the basis of the applicable statute of limitations. *Cholla Ready*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm.

The district court properly dismissed Alverto's action as time-barred because Alverto filed his action after the applicable statute of limitations had run and failed to allege circumstances that justified equitable tolling. *See* Wash. Rev. Code § 4.16.080(2) (three-year statute of limitations for personal injury claims); *see also Wallace v. Kato*, 549 U.S. 384, 387, 394 (2007) (federal courts apply the forum state's personal injury statute of limitations in § 1983 claims; "[w]e have generally referred to state law for tolling rules, just as we have for the length of statutes of limitations"); *In re Hoisington*, 993 P.2d 296, 300 (Wash. Ct. App. 2000) ("Appropriate circumstances for equitable tolling include bad faith, deception, or false assurances by the defendant, and the exercise of diligence by the plaintiff." (citations and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Alverto's motion to correct the record (Docket Entry No. 17) is granted. The Clerk is directed to strike Mark Fry, Timothy Donlin, Paul Pastor, Kathleen Proctor, and Brian Neal Wasankari as defendants.

**AFFIRMED.**